# In the United States Court of Federal Claims

No. 20-75C
(Filed January 28, 2020)
NOT FOR PUBLICATION

```
***************************
                            *
ROBERT NEVILLE,             *
                            *
             Plaintiff,     *
                            *
    v.                      *
                            *
THE UNITED STATES,          *
                            *
             Defendant.     *
                            *
***************************
```

## ORDER

On January 22, 2020, the complaint in this case was filed by Dr. Robert Neville, who is representing himself in this matter. A careful review of the complaint reveals that, even if everything Dr. Neville alleges is true, the complaint clearly does not come within the subject-matter jurisdiction of this court.

The complaint concerns the actions of a U.S. district court judge and a magistrate judge in another matter brought by Dr. Neville. In that other case, filed against his half-sister, Ms. Marguerite Dill, in the United States District Court for the Southern District of California, the magistrate judge apparently questioned Dr. Neville's eligibility for *in forma pauperis* status, and ordered Dr. Neville to appear in-person for a proceeding in San Diego, California---despite the hardship of traveling from his residence in New Orleans, Louisiana. Compl. at 1. Fearing that the district court judge would construe his failure to appear in San Diego as a willful violation of a court order, Dr. Neville moved for a voluntary dismissal of that case. *Id.* Contrary to his expectations, Dr. Neville's case was subsequently dismissed *with* prejudice. *Id.* at 2. Plaintiff submitted papers to the California district court seeking to correct what he perceived to be that court's error, but these were returned to him unfiled. *Id.* On the basis of these actions, Dr. Neville has filed suit in our court, alleging that the district court judges were grossly negligent.

Doctor Neville makes two general allegations. First, Dr. Neville contends that the district judge was grossly negligent and "acted in reckless disregard of [his]

7018 2290 0000 5183 3360

Due Process and Equal Protection rights . . . ." *Id.* at 3. Second, plaintiff alleges that both judges were biased and prejudiced against him in the district court proceeding. *Id.* Doctor Neville seeks $2.6 million in "actual, punitive and exemplary damages" against the United States. *Id.* at 4.

As is frequently the case when people represent themselves without the assistance of counsel, Dr. Neville seems to misunderstand the jurisdiction given to this court by Congress. The civil cover sheet accompanying the complaint indicates that he intended to pursue a Federal Tort Claims Act (FTCA)[1] claim. ECF No. 1-1. But it is firmly established that this court lacks subject-matter jurisdiction to entertain FTCA claims. *See Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015) ("Congress has provided that the United States District Courts have 'exclusive jurisdiction' to determine the liability of the United States under the [FTCA]. That exclusive grant . . . excludes the Court of Federal Claims.") (citation omitted). Under the Tucker Act, the Court of Federal Claims is primarily granted jurisdiction to hear cases brought against the U.S. government by parties alleging breach of a contract or the violation of a type of federal law that requires the federal government to pay money when violated. *See* 28 U.S.C. § 1491(a). Specifically, the claims this court is empowered to hear cannot involve tortious conduct. *See id.* (prohibiting claims "sounding in tort."). The complaint does not properly allege the existence of a contract with the federal government, and also fails to allege that the federal government violated a money-mandating provision of law. *See* Compl. 1–4; *cf. United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

To the extent that Dr. Neville complains about the status of his previous case due to what he considers the gross negligence and maladministration of the district court judges, the Court cannot entertain that matter. *See Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'") (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)); *see also Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) (per curiam) ("[T]he [Court of Federal Claims] is without jurisdiction to scrutinize the actions of another tribunal.") (citing *Vereda Ltda.*); *cf. Allustiarte v. United States*, 46 Fed. Cl. 713, 718 (2000) (no jurisdiction over bankruptcy court's decisions), *aff'd*, 256 F.3d 1349 (2001), *cert. denied*, 534 U.S. 1042 (2001). If Dr. Neville is unhappy that his case was dismissed with prejudice, he must appeal to the immediate appellate court which oversees judgments rendered by those judges, the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. §§ 41, 1291. Additionally, to the extent that Dr. Neville complains of the judges' purported negligence, this is a claim that falls outside this court's

---

[1] 28 U.S.C. § 1346(b)(1).

subject-matter jurisdiction because it sounds in tort. 28 U.S.C. § 1491(a) (stating that the United States Court of Federal Claims does not have jurisdiction over claims "sounding in tort"). Finally, to the extent that plaintiff seeks redress for purported violations of his due process and equal protection rights guaranteed by the Fifth Amendment to United States Constitution, this court lacks jurisdiction as well. Neither of those provisions of the Constitution oblige the government to pay compensation for their violation.[2] *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (no jurisdiction over Fifth Amendment Due Process or Equal Protection Clause claims). Consequently, Dr. Neville has failed to state a claim that comes within the ambit of the Court's subject-matter jurisdiction.

When a plaintiff has failed to state a claim that falls within the subject-matter jurisdiction of this court, a *sua sponte* dismissal is required. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (stating that "jurisdiction may be challenged at any time by . . . the court *sua sponte*."). Since the Court lacks subject-matter jurisdiction over Dr. Neville's complaint it is therefore **DISMISSED** pursuant to RCFC 12(h)(3). The Clerk is directed to close the case.[3]

**IT IS SO ORDERED.**

*[signature]*

VICTOR J. WOLSKI
Senior Judge

---

[2] In appropriate cases, a due process violation that amounts to an illegal exaction by the government could constitute a claim justiciable in this court. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996). Plaintiff did not assert this claim, nor would a liberal construction of the complaint, *see Erickson v. Pardus*, 551 U.S. 89, 98 (2007), yield such a claim.

[3] Plaintiff's application to proceed *in forma pauperis*, although not on the proper form, is hereby **GRANTED**, and he is relieved of paying the filing fee.